THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN HALL,

        **Plaintiff,**

v.

SGT. TICER and ANGELA CRAIN,

        **Defendants.**

Case No. 3:26-cv-00459-GCS

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff John Hall, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pontiac Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Menard Correctional Center ("Menard"). Hall filed a Complaint (Doc. 1) and subsequently filed an Amended Complaint (Doc. 9). His Amended Complaint alleges violations of his Eighth Amendment rights while at Menard.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to

---

[1]    The Court has jurisdiction to screen the Amended Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 11), and the limited consent to the exercise of Magistrate Judge jurisdiction by the Illinois Department of Corrections and the medical providers, as set forth in the Memoranda of Understanding between this Court and these entities.

screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE AMENDED COMPLAINT

On September 23, 2024, while housed in Menard's protective custody unit, Hall entered the bullpen on his way to a mental health group session. (Doc. 9, p. 5). He saw Inmate Andrew McKissick approaching the bullpen. *Id*. Hall notes that on August 17, 2024, McKissick attacked him, stabbing him five times and breaking his finger. *Id*. Hall immediately informed Sergeant ("Sgt.") Ticer he could not be around McKissick because he had a "keep separate from" order against him. *Id*. Sgt. Ticer responded, "no one cares, grow a pair." *Id*. McKissick then entered the bullpen and immediately attacked Hall, stabbing him 12 times. *Id*.

Both Hall and McKissick were maced and separated. (Doc. 9, p. 6). Sgt. Ticer cuffed Hall and noticed a splint on his middle finger. *Id*. Sgt. Ticer started to remove the splint, but Hall informed him the splint was holding the bones together from a prior break, and it was still healing. *Id*. Sgt Ticer indicated he did not care and bent Hall's finger sideways, rebreaking the bone; he also pulled the splint off Hall's finger. *Id*.

Afterwards, Hall was transported to the Menard healthcare unit. Hall notes he was stabbed twelve times and maced twice. Nurse Angela Crain refused to provide him with medical treatment. (Doc. 9, p. 6). She also refused to clean the mace dripping from his

face and refused to bandage his wounds. *Id*. Crain noted she did not want to get mace on her and directed officers to let the staff in segregation handle Hall's injuries. *Id*.

## DISCUSSION

Based on the allegations in the Amended Complaint, the Court designates the following counts:

Count 1:  **Eighth Amendment failure to protect claim against Sgt. Ticer for failing to protect Hall from the assault by McKissick.**

Count 2:  **Eighth Amendment excessive force claim against Sgt. Ticer for breaking Hall's finger after the assault.**

Count 3:  **Eighth Amendment deliberate indifference to medical needs claim against Angela Crain for refusing to treat Hall's injuries after the assault.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Hall states a viable failure to protect claim against Sgt. Ticer in Count 1. To state a viable claim, a plaintiff must show that prison officials were aware of a specific, impending, and substantial threat to their safety, often by showing "that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d

---

[2]  *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.").

90, 92 (7th Cir. 1996). Hall alleges he informed Sgt. Ticer that McKissick was on his "keep separate from" list and the two could not be near each other. Despite these warnings, Sgt. Ticer stated he did not care and allowed McKissick to walk into the bullpen where Hall was standing, leading to an attack on Hall. (Doc. 9, p. 5). Thus, Count 1 shall proceed against Sgt. Ticer.

Hall also states an excessive force claim against Sgt. Ticer. After the assault, Sgt. Ticer twisted Hall's previously broken finger to remove a splint despite Hall informing Ticer the splint was holding his bones together from a previous injury. Hall also notes he was handcuffed and covered in mace at the time Ticer grabbed his finger and twisted the splint. Hall's allegations suggest force was used "maliciously and sadistically" rather than in "a good-faith effort to maintain or restore discipline." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Thus, Count 2 shall also proceed against Sgt. Ticer.

Finally, Hall states a viable deliberate indifference claim against Angela Crain for her refusal to treat Hall's injuries after the assault. To successfully state an Eighth Amendment claim of deliberate indifference to medical needs, a plaintiff must plead that he suffered from "an objectively serious medical condition" and that a "state official was deliberately . . . indifferent" to that condition. *See Giles v. Godinez*, 914 F. 3d 1040, 1049 (7th Cir. 2019). Hall alleges McKissick stabbed him 12 times and he was covered in mace when he arrived at the healthcare unit. But despite his injuries, Crain refused to treat him, claiming she did not want to get mace on her and other officials could deal with him. Hall's allegations state a viable claim in Count 3.

### DISPOSITION

For the reasons stated above, Counts 1 and 2 shall proceed against Sgt. Ticer. Count 3 shall proceed against Angela Crain.

The Clerk of Court shall prepare for Sgt. Ticer and Angela Crain: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Hall. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Hall, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Because Hall's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Hall, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Hall is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

 **IT IS SO ORDERED.**

 **DATED:  July 24, 2026.**

Digitally signed by Judge Sison
Date: 2026.07.24 14:27:22 -05'00'

 **GILBERT C. SISON**
 **United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**